ELLEN A. REED *vs.* FRANKLIN REED.

Sagadahoc. Opinion April 12, 1880.

*Deed of a married woman. Parol evidence to change a deed to a mortgage. Fraud of third person.*

Where a married woman, prior to her marriage, had received a deed of real estate from one, who subsequently became her husband; *Held,* that such a deed was in no sense a conveyance to her from her husband, since she received her title from one, who, at the time, sustained no such relation to her; that her sole deed executed after the marriage gave title.

In this State in an action at law, parol evidence is not received to prove that a deed of land, in terms absolute, was intended only as security for a debt.

It is not competent to show fraud or duress on the part of the husband, in procuring from his wife a warranty deed, under which her grantee is a *bona fide* holder of the title, without proof of the complicity of such grantee in such fraud or duress.

ON REPORT.

WRIT OF ENTRY, dated March 18, 1878, for certain real property in Bath. Plea, *nul disseizen.* Plaintiff claimed under a deed given her August 10, 1864, by Samuel D. Reed, whom she afterwards married. Defendant claimed under a deed to him from the plaintiff, January 19, 1874, subsequent to her marriage and in the lifetime of her husband.

The full court were to render judgment for either party according to their legal rights upon the.testimony, or send the case to a new trial if the rulings, excluding the testimony offered by the plaintiff, were erroneous. The rulings sufficiently appear in the opinion.

*Adams & Coombs*, for the plaintiff.

The deed of the plaintiff to the defendant was void because her husband did not join. R. S., c. 61, § 1. *Call* v. *Perkins*, 65 Maine, 439. The deed from plaintiff's husband to her, being delivered after their intermarriage, had no effect until after their marriage, 33 Maine, 446.

The defendant held other and sufficient security for the loans he had made plaintiff's husband, and there was, therefore, no consideration for the deed from plaintiff to defendant, which was obtained from plaintiff by fraud and duress during her sickness, and if we had been permitted to show these facts, and the transactions and relations between defendant and plaintiff's husband the inference, which the jury must. have drawn, would have been, that the defendant was a party to the fraud practiced upon the plaintiff.

*C. W. Larrabee*, for the defendant, cited : R. S., c. 61, § 1 ; Smith on Constitutional Construction, 604, 620 ; *Deering* v. *Sawtel*, 4 Maine, 191 ; *Brown* v. *Allen*, 43 Maine, 590 ; 2 Whar. Ev. § 1033.

SYMONDS, J. The weight of evidence is in favor of the defendant's claim that the deed, of the lot of land which the plaintiff seeks by this writ of entry to recover, was delivered to the plaintiff before her marriage. That she afterwards married the grantor makes this in no sense a conveyance to her, either directly or indirectly, from her husband. She received title from one who sustained no such relation to her, and at the marriage the land was hers by as full title as if the deed had been from a stranger. She could subsequently convey it without the joinder of her husband. That the husband did not join in the deed to the defendant does not defeat it. Her sole deed could give title. R. S., c. 61, § 1. *Brookings* v. *White*, 49 Maine, 479 ; *Beals* v. *Cobb*, 51 Maine, 348 ; *Allen* v. *Hooper*, 50 Maine, 371.

In the report of evidence, there is nothing to destroy the effect of this deed from the plaintiff to the defendant. The only question is, whether the plaintiff has been aggrieved by the exclusion of evidence,—so that according to the agreement of counsel by which the case is reported, it should go back for a new trial.

In a proceeding at law, in this State, parol testimony is not admissible to show that a deed, in terms absolute, was intended only as security for debt. On this point, the ruling was correct. *Ellis* v. *Higgins*, 32 Maine, 34; *Whitney* v. *Lovell*, 33 Maine, 318; *Bryant* v. *Crosby*, 36 Maine, 562.

Parol testimony that the delivery of a deed was to be void on the ·fulfillment of a verbal condition stated was rejected in *Warren* v. *Miller*, 38 Maine, 108.

The same rule formerly prevailed in equity, owing, it is said, to the limitations then existing upon the equity powers of the court. *Thomaston Bank* v. *Stimpson*, 21 Maine, 195; *Richardson* v. *Woodbury*, 43 Maine, 211. Compare, *Gerry* ᴠ. *Stimson*, 60 Maine, 186.

In order to meet the statement of the defendant that, when he received this deed from the plaintiff by the hands of her husband acting for her, he had already advanced a valuable consideration therefor, it was not competent to receive evidence that he had other securities for moneys loaned to the plaintiff's husband. It would not tend to prove that this new security was not in fact taken, and without fraud.

The plaintiff did not undertake to prove·that there was᾿ no advance of money towards the consideration for this deed to defendant, that no moneys were loaned by the defendant; but only to show that the sums loaned were amply secured otherwise, by conveyances of land in Wisconsin or in some other way. The evidence offered—and none was excluded on this point— tended to prove that a certain amount was paid by the defendant when this deed was delivered to him. In the absence of fraud, the defendant had a right to exercise his own judgment as to what security he would take. The testimony offered did not go to the extent claimed in argument of proving that there was no

money at all advanced, either as a loan, or in payment of the consideration. To say that the defendant was over secured does not meet the testimony which tends to show, and is uncontradicted, that the defendant made an actual advance of money. All this, moreover, is open to the objection that it is indirectly reducing the deed to a mortgage by parol testimony. It does not establish the fact that no consideration was paid for the deed.

There being, then, no competent evidence that the defendant was not, what he claims, a holder under a warranty deed from the plaintiff for a valuable consideration, it was not admissible to show that the deed was procured from the plaintiff by fraud or duress on the part of her husband, without undertaking to establish the complicity of the defendant therein, or that he was in some way responsible for the acts of the husband. The fault of the plaintiff's agent could not defeat the title of one who held under her deed by a *bona fide* purchase for valuable consideration. The ruling went as far as the plaintiff had a right to claim in admitting this testimony, on condition that the plaintiff expected to show the complicity of the defendant in the fraud or duress of the husband. *Webster* v. *Folsom*, 58 Maine, 230. For valuable distinctions between different classes of cases on this point, see *Laughton* v. *Harden*, 68 Maine, 208. Neither the testimony received in this case, nor that excluded against the objection of the plaintiff, was such as to put the defendant in the position of one who had received a voluntary conveyance, without paying any valuable consideration therefor.

The declarations of the defendant against the deed, substantially to the effect that it was not an absolute, but a conditional conveyance, were properly rejected. We have already seen that in this State, in a trial at law upon a writ of entry, such testimony is not received. As against the deed, the fact alleged cannot be proved by the parol evidence.

In this real action, the plaintiff seeks to recover the land which she herself has conveyed to the defendant, and of which he is in possession, under a deed of warranty from her, duly executed and recorded. She declares upon an earlier deed to her, from a grantor whom she subsequently married; and ignores, or claims

to prevail against, the later deed which she has given. As the evidence stands, it must be decided that neither a want of valuable consideration for the plaintiff's deed to the defendant, nor its procurement by fraud or duress, are proved; nor do we perceive that the plaintiff has been aggrieved by any ruling of the court, excluding testimony on either of these points.

It is evident from the plaintiff's own claim, that, if it were allowable to prove, or if it were conceded, that this deed was intended only as security for moneys loaned, it was complicated with other transactions between the plaintiff's husband and the defendant, which this process is in no way suited to investigate. If the defendant's deed were in fact and in terms a mortgage, it would be impracticable to attempt to adjust the amount due upon it in a writ of entry brought by the plaintiff and based on her own earlier absolute title, which she had subjected to such incumbrance.

No conditional judgment can be rendered, and no reason appears for rendering judgment for the land in favor of the plaintiff against her own deed.

*Judgment for the defendant.*

APPLETON, C. J., BARROWS, DANFORTH and LIBBEY, JJ., concurred.